

**McCARTER & ENGLISH**
ATTORNEYS AT LAW

May 15, 2018

**BY ECF**

Hon. Jose L. Linares, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Anthony Bartell
Partner
T. 973-639-2062
F. 973-297-3846
abartell@mccarter.com

Re: *National Union Fire Ins. Co. of Pittsburgh, P.A. v. Becton, Dickinson and Co.*,
Civil Action No. 2:17-cv-00691-JLL-JAD
Civil Action No. 2:14-cv-04318-CCC-JBC

Dear Judge Linares:

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
T. 973.622.4444
F. 973.624.7070
www.mccarter.com

    We represent defendant/policyholder Becton, Dickinson and Company ("BD"). BD responds to plaintiff National Union Fire Insurance Company of Pittsburgh, Pa.'s ("National Union") May 9, 2018 letter to Your Honor. Defendant respectfully opposes consolidation of National Union's 2017 coverage action with the separate coverage action the insurer filed against BD four years ago.

    National Union portrays itself as an innocent victim of the circumstances it now decries. Nothing could be further from the truth. The insurer's purposeful litigation decisions/strategies resulted in these circumstances. We understand National Union's new counsel, Willkie Farr, may rue now these litigation decisions/strategies, but counsel does not get to reverse same to the detriment of defendant/policyholder. Litigation before this Court does not allow for a "do over."

BOSTON
HARTFORD
STAMFORD
NEW YORK
NEWARK
EAST BRUNSWICK
PHILADELPHIA
WILMINGTON
WASHINGTON, DC

    National Union, not BD, filed the 2014 action ("NU1"), four years ago, seeking a judgment it need provide no coverage to BD for an underlying false advertising case filed against BD by one of its competitors, Retractable Technologies, Inc. National Union, not BD, then waited three years before filing its 2017 coverage action ("NU2"), seeking a judgment it need provide no coverage to BD for several underlying class actions filed against BD by certain purchasers of its products. National Union (and not BD), moreover, filed NU2 without identifying NU1 as a "related case" pursuant to Local Rule 40.1 (c), which unambiguously required National Union "at the time of filing the action [to] inform the Clerk of such fact."[1]

---

[1] National Union's May 9, 2018 letter contains a number of factual inaccuracies, including that it first learned of the underlying actions in 2014. New counsel may not realize that discovery in NU1 – which the insurer fought vociferously to conceal – reveals the insurer actually learned of the underlying actions many years earlier. BD must receive, in NU2, a sufficient opportunity to secure the same type of valuable discovery.

May 15, 2018
Page 2

National Union, not BD, made a litigation decision to omit from NU1 the parties' then-pending discovery dispute over the underlying class actions. Even after National Union filed NU2 three years later, it took steps to ensure the action languished. The insurer filed a premature dispositive motion, and then persuaded the Court to stay discovery pending resolution of its motion. This Court predictably denied National Union's motion but, because of the stay, the insurer still has not provided BD with even its written discovery responses, despite receiving BD's discovery requests more than seven (7) months ago on September 29, 2017. NU2, in short, remains in its discovery infancy.

National Union, unfortunately, fails to convey accurately BD's positions during the parties' Local Rule 37.1 discussions. BD told National Union it does not object to transferring NU2 to Judge Cecchi and Magistrate Clark. Local Rule 40.1(c), in fact, requires those jurists preside over NU2. The Rule states that "[w]henever possible," the second-filed action (here, NU2) "be assigned to the same Judge [here, Judges Cecchi and Clark] to whom the pending related action [here, NU1] is assigned." National Union rejected BD's agreement, hoping perhaps to move NU1 away from Judges Cecchi and Clark due to dissatisfaction over those jurists' prior rulings.

Despite National Union's best efforts, NU1 finally moves toward depositions and the close of fact discovery. Consolidating that four year old action with NU2 will do nothing more than delay further NU1's resolution. BD knows from painful experience that National Union proposes a wholly unrealistic NU2 discovery schedule, which deprives BD of its ability to conduct necessary discovery. The parties NEVER can complete "all [NU2] document and written discovery" by June 29, 2018 (barely one month away). The underlying class action files alone total more than two (2) million pages. For the past four years, moreover, National Union has forced BD to fight to secure, in NU1, even the most basic discovery. BD, for just one example, needed to file repeated applications to compel the insurer to produce even its underwriting file. BD finds it likely National Union will behave similarly in NU2.

National Union also fails to inform this Court of BD's offer to address the insurer's new found fear that NU2 will result in discovery duplicative of that taken in NU1. BD offered to draft and execute a Consent Order that will allow the parties to use in NU2 all discovery taken in NU1. National Union agreed with BD's proposal and acknowledged such a Consent Order "will expedite document and written discovery." This Consent Order, however, cannot eliminate defendant's right and need for full discovery in NU2. Defendant still must explore all issues regarding coverage for its underlying class actions. Discovery in NU1 addressed none of these issues.

NU1 and NU2 occupy enormously different procedural postures. Even if Magistrate Clark manages both actions, they must proceed on different discovery

May 15, 2018
Page 3

schedules. BD previously proposed to National Union the following schedule for discovery in NU2. This schedule establishes a far more realistic, yet still ambitious, timeline for completing discovery in an action that remains in its infancy:

- May 28, 2018 -- National Union serves its written responses to BD's Interrogatories and Document Requests.

- July 31, 2018 -- The parties must file any motions to amend pleadings and/or to add new parties, whether by amended or third-party complaint.

- November 16, 2018 -- Fact discovery ends.

- December 14, 2018 -- The parties must serve all affirmative expert reports.

- January 11, 2019 -- The parties must serve all responding expert reports.

- January 15, 2019 -- The parties must file any dispositive motions.

- February 15, 2019 -- Expert discovery ends.

BD also proposed to National Union, nearly one month ago, a schedule to conduct and complete depositions in NU1 by the previously ordered June 14, 2018 discovery end date. Despite the insurer's repeated refrain that it will move NU1 forward expeditiously, National Union has failed to agree on even one of BD's nine proposed deposition dates. The following schedule currently governs remaining discovery in NU1:

- June 14, 2018 -- Fact discovery ends.

- June 25, 2018 -- The parties must serve Requests for Admissions.

- July 30, 2018 -- The parties must serve all affirmative expert reports.

- September 13, 2018 -- The parties must serve all responding expert reports.

- October 15, 2018 -- Expert discovery ends.

- November 14, 2018 -- The parties must file any dispositive motions.

May 15, 2018
Page 4

If Your Honor has any questions, please do not hesitate to contact us.

Respectfully submitted,

Anthony Bartell

cc: Mitchell J. Auslander, Esq. (by ECF)
Christopher J. St. Jeanos, Esq. (by ECF)
Liza M. Walsh, Esq. (by ECF)
Katelyn O'Reilly, Esq. (by ECF)
William T. Walsh, Esq. (by ECF)