NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., <br> Plaintiff, <br> v. <br> BECTON, DICKINSON AND COMPANY, <br> Defendant. | Civil Action No.: 2:14-cv-04318 <br><br> OPINION |

**CECCHI, District Judge.**

Before the Court is Defendant Becton, Dickinson and Company's ("Defendant") appeal of an opinion and order entered by Chief Magistrate Judge Mark Falk on November 5, 2019 (ECF Nos. 225, 226), granting in part and denying in part a motion by Plaintiff National Union Fire Insurance Company ("Plaintiff"), to compel additional testimony pursuant to Federal Rule of Civil Procedure 30(b)(6). ECF No. 231. Plaintiff filed an opposition (ECF No. 234), and Defendant replied (ECF No. 235). No oral argument was heard. Fed. R. Civ. P. 78. For the reasons that follow, Defendant's appeal is denied.

**I.   BACKGROUND**

This case arises from a dispute over insurance coverage and involves a series of underlying lawsuits. ECF No. 225 at 1. The Court assumes the parties' familiarity with the facts and procedural history, including what is detailed in Judge Falk's opinion which provides a thorough recitation of the background of this case and articulates the parties' arguments on the underlying motion to compel. *See generally* id. As such, the Court recounts only those facts necessary to the instant appeal, as follows: On October 19, 2018, Plaintiff served Defendant with a Rule 30(b)(6) notice containing 64 specified topics. Id. at 4–5. Defendant designated Andrew Walpole as its

Rule 30(b)(6) corporate witness to testify as to all designated topics. Id. at 5. Mr. Walpole's deposition was held on July 12 and August 1, 2019. Id.

A discovery dispute arose from Mr. Walpole's deposition. Plaintiff alleged that the deposition made clear that Defendant's "strategy was to avoid providing any answers and to instead point to its 400-page Supplemental Responses," and that Mr. Walpole's answers lacked specificity. Id. Defendant responded that Mr. Walpole provided specific and sufficient responses. Id. On September 27, 2019, Plaintiff moved to compel, seeking the following: (1) Defendant to produce Mr. Walpole for an additional 90 minutes of corporate testimony on certain of Plaintiff's 30(b)(6) topics; (2) Defendant to prepare Mr. Walpole to answer questions by identifying specific portions of Defendant's interrogatory responses and documents (relating to one of Defendant's claims); and (3) that the deposition be conducted under Judge Falk's supervision. ECF No. 214 at 1. Defendant's opposition argued that Plaintiff was given a complete and fair opportunity to question Mr. Walpole, which the transcript proved that Plaintiff fully exercised. ECF No. 220 at 1–2.

On November 5, 2019, Judge Falk granted Plaintiff's motion in part and ordered Mr. Walpole to appear for 90 additional minutes of deposition testimony and to answer questions about specific parts of the interrogatory answers. ECF No. 225 at 10.[1] Defendant then filed this appeal. ECF No. 231. Plaintiff filed an opposition (ECF No. 234), and Defendant replied (ECF No. 235).[2]

---

[1] Judge Falk denied Plaintiff's request for the deposition to proceed at the courthouse, but that aspect of Judge Falk's ruling is not the subject of this appeal.

[2] On December 16, 2019, Plaintiff requested leave to file, and filed, a brief in sur-reply (ECF No. 236), to which Defendant objected (ECF No. 238). Regardless of such objection, the Court notes that there is a sufficient record on which to decide this motion without the sur-reply. *See Smith v. Merck & Co., Inc.*, No. 13-2970, 2016 WL 1690087, at *1 n.1 (D.N.J. Apr. 27, 2016).

## II. LEGAL STANDARD

Magistrate judges are accorded wide discretion to address non-dispositive motions and the Court will not disturb an order addressing such unless it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). "[A] finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Salamone v. Carter's Retail, Inc.*, No. 09-5856, 2012 WL 821494, at *3 (D.N.J. Mar. 9, 2012) ("[T]he reviewing court will not reverse . . . even if [it] might have decided the matter differently."). "A ruling is 'contrary to law' when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006). The party filing the appeal bears the burden to show that the ruling was clearly erroneous or contrary to law. *Salamone*, 2012 WL 821494, at *3.

Where, however, an appeal challenges a matter within the magistrate judge's purview, such as a discovery dispute, the Court applies the even more deferential abuse of discretion standard. *Id.* (citation omitted) ("An abuse of discretion occurs 'when the judicial action is arbitrary, fanciful or unreasonable.'"). In fact, "particularly broad deference [is] given to a magistrate judge's discovery rulings." *Farmers & Merchants Nat'l Bank v. San Clemente Fin. Grp. Sec., Inc.*, 174 F.R.D. 572, 585 (D.N.J. 1997). Accordingly, on appeal of an order addressing a discovery dispute, such order is provided great deference and is reversible only for an abuse of discretion. *Eisai Co. v. Teva Pharm. USA, Inc.*, 629 F. Supp. 2d 416, 433–34 (D.N.J. 2009).

## III.   DISCUSSION

### A.   Appropriate Standard of Review

Defendant argues that the issue raised in this appeal is Judge Falk's misapplication of Rule 30(b)(6) which requires *de novo* review. ECF No. 231-1 at 5–9.  This Court disagrees as the appeal challenges Judge Falk's ruling on a discovery dispute, for which abuse of discretion is the proper standard of review. *Salamone*, 2012 WL 821494, at *3–4 (reviewing an order on a motion to compel for abuse of discretion).  Here, Judge Falk properly characterized the issue—whether Defendant's corporate designee fully answered questions on a Rule 30(b)(6) topic—as "a basic discovery dispute that involves the discovery process and rules, not the substance of the discovery." ECF No. 225 at 8.  As such, the instant appeal concerns whether his decision was an abuse of discretion.[3]

### B.   Analysis

Defendant contends that Judge Falk's ruling was an abuse of discretion. ECF No. 231-1 at 27–28. Specifically, Defendant argues that Judge Falk: (1) ignored deposition testimony where Mr. Walpole substantively answered all Plaintiff's questions; (2) gave "undue weight" to the instances where Mr. Walpole referred to Defendant's interrogatory responses; and (3) relied on incorrect notions (i.e., that Mr. Walpole only answered with general references to the interrogatory responses and failed to provide specifics for those answers or when asked). Id. at 28–29.  Plaintiff responds that Defendant's arguments lack merit and fail to show that Judge Falk's ruling was either an abuse of discretion or clearly erroneous, arguing that Plaintiff was entitled to question Mr.

---

[3] Even if this Court were to review Judge Falk's decision *de novo*, or pursuant to another standard, it would reach the same conclusion.  Judge Falk did not err in ordering Defendant to produce Mr. Walpole for an additional 90 minutes of deposition testimony.  Thus, the Court finds that Judge Falk's decision should not be reversed under any standard of review—whether it be governed by *de novo*, clearly erroneous, contrary to law, or abuse of discretion review.

Walpole about Defendant's interrogatory answers, and that it was reasonable for Judge Falk to determine that additional testimony was essential in order for Plaintiff to discover facts relevant to Defendant's claims. ECF No. 234 at 16–19.

      The Court finds that Judge Falk did not abuse his discretion and that Defendant's argument lacks merit.  As previously noted, Judge Falk correctly identified the issue of whether Mr. Walpole fully answered questions on a Rule 30(b)(6) topic as a discovery dispute. ECF No. 225 at 8.  It is axiomatic that magistrate judges are afforded particularly broad discretion in deciding discovery disputes. *Farmers*, 174 F.R.D. at 585.  Moreover, Judge Falk considered the parties' arguments, reviewed Mr. Walpole's testimony, and explained that the topic on which Plaintiff sought additional testimony went to a primary issue of the case such that its relevance and importance were "beyond dispute." ECF No. 225 at 4–9.  Judge Falk explained that Rule 30(b)(6) entitled Plaintiff to ask specific and detailed questions about interrogatory answers and that Mr. Walpole's repeated references to the extensive interrogatory responses and lack of specificity made his deposition improper and unfair. Id. at 8–9.  Judge Falk reasoned that the lack of specificity could indicate that the witness was not adequately prepared. Id. at 9.  Finally, he addressed the important distinction between written and deposition discovery and the involvement of counsel, and determined that Plaintiff's request for additional testimony was both reasonable and essential. Id.

      Accordingly, the Court finds that Judge Falk fully considered the arguments and record before him and that his ruling was well-reasoned and a rational exercise of his discretion in overseeing discovery.  Therefore, in the absence of anything in the record to show that Judge Falk's decision was "arbitrary, fanciful or unreasonable," *Salamone*, 2012 WL 821494, at *3, the Court concludes that Judge Falk did not abuse his discretion in ordering Defendant to produce its Rule 30(b)(6) witness, Mr. Walpole, for an additional 90 minutes of deposition testimony.

## IV. CONCLUSION

For the reasons set forth above, Defendant's appeal (ECF No. 231) is denied and Judge Falk's opinion and order (ECF Nos. 225, 226) are affirmed. In accordance with such order, Defendant is compelled to produce Mr. Walpole for an additional 90 minutes of deposition testimony. *See* ECF No. 226. An appropriate Order accompanies this Opinion.

DATED: June 30, 2020

*[signature]*

**CLAIRE C. CECCHI, U.S.D.J.**