# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., <br><br> Plaintiff, <br><br> v. <br><br> BECTON, DICKINSON AND COMPANY, <br><br> Defendant. | Case No. 2:14-cv-04318-CCC-MF <br><br> Return Date: April 5, 2021 |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF ALLEGED MATERIAL FACTS

**McCarter & English, LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Email: abartell@mccarter.com
Attorneys for Defendant

ME1 35670576v.1

Pursuant to the District Court of New Jersey's Local Civil Rule 56.1, defendant/policyholder Becton Dickinson and Company ("BD") hereby responds to plaintiff National Union Fire Insurance Company of Pittsburgh, PA's ("National Union's") Statement of Facts in support of its summary judgment motion.

1. *The Third Amended Complaint in the RTI Action, which was the operative pleading, included counts for violations of the Sherman Act and a single count of business disparagement.*

- Ex. 14,[2] Plaintiff's Third Amended Complaint in the RTI Action, dated January 17, 2003.
- Ex. 16, RTI's Corrected Supplemental Response to BD's Motion for Summary Judgment in the RTI Action at 2-3, dated January 28, 2004;
- Ex. 53, Defendant's Responses to Plaintiff's Supplemental Interrogatories in BD I and the documents referenced in the footnotes therein at Interrogatory Response No. 1. (p. 8), dated September 24, 2018.

**BD's Response:**

**The RTI Action Third Amended Complaint speaks for itself, and to the extent Paragraph 1 misstates the terms of the Third Amended Complaint, BD disputes same. BD further disputes this statement reflects a fact material to the motion and requiring BD's response.**

2. *Prior to the settlement of the RTI Action, RTI's counsel conceded that RTI had no evidence to support certain elements of RTI's claim for disparagement.*

- Ex. 10, BD Tr. at 193:10-13 ("Q. ... [RTI] sought to dismiss the disparagement claim arguing that there was no evidence on several

1

elements of that claim; correct? A. The disparagement tort claim, yes."); *id.* at 195:7-196:19;

- Ex. 15, Transcript of RTI's Oral Argument on Summary Judgment in the RTI Action at 26:3-14, dated December 11, 2003;

- Ex. 16, RTI's Corrected Supplemental Response to BD's Motion for Summary Judgment in the RTI Action at 2-3, dated January 28, 2004;

- Ex. 53, Defendant's Responses to Plaintiff's Supplemental Interrogatories in BD I and the documents referenced in the footnotes therein at Interrogatory Response No. 1. (p. 8), dated September 24, 2018.

**BD's Response:**

**The transcripts and testimony speak for themselves, and to the extent Paragraph 2 mischaracterizes the evidence, BD disputes same. BD further disputes this statement reflects a fact material to the motion and requiring BD's response.**

3. *BD settled the RTI Action without seeking National Union's consent.*

- Ex. 10, BD Tr. at 350:6-12.

**BD's Response:**

**BD disputes Paragraph 3 reflects a fact material to the motion and requiring BD's response. BD nevertheless admits this assertion.**

4. *There was no finding of liability against BD by a court or jury in the RTI Action.*

- Ex. 10, BD Tr. at 12:4-14;

- Ex. 28, Settlement Agreement and Release in the RTI Action, dated July 2, 2004;

2

- Ex. 53, Defendant's Responses to Plaintiff's Supplemental Interrogatories in BD I and the documents referenced in the footnotes therein at Interrogatory Response No. 1. (p. 8), dated September 24, 2018.

**BD's Response:**

**BD disputes Paragraph 4 reflects a fact material to the motion and requiring BD's response. BD nevertheless admits this assertion.**

5. *BD did not incur any defense costs in connection with the RTI Action after it first sought coverage for the RTI Action from National Union in 2014.*

- Ex. 57, Defendant's Third Amended Objections and Responses to Plaintiff's Interrogatories in BD I at Ex. A, dated March 22, 2019 (showing allocation of defense costs incurred by BD in the RTI Action).

**BD's Response:**

**BD disputes Paragraph 5 reflects a fact material to the motion and requiring BD's response. BD nevertheless admits this assertion.**

6. *The Class Actions only included antitrust claims at the time of settlement.*

- Ex. 10, BD Tr. at 304:1-21, 305:6-10;
- Ex. 18, Complaint in In re: Hypodermic Product Direct Purchaser: Antitrust Litig., Case No. 2:05-cv-01602 (JLL/RJH), dated May 10, 2006;
- Ex. 19, Complaint in In re: Hypodermic Products Antitrust Litig., Case No. 2:05-cv-01602 (JLL/RJH), MDL No. 1730, dated July 28, 2006.

**BD's Response:**

**The Class Actions Complaints speak for themselves, and to the extent Paragraph 6 misstates the terms of the Complaints, BD disputes same. BD**

3

**further disputes Paragraph 6 reflects a fact material to the motion and requiring BD's response.**

    7.    *BD settled the Class Actions without seeking National Union's consent.*

- Ex. 9, Hector Tr. at 158:24-159:2;
- Ex. 10, BD Tr. at 350:13-16;
- Ex. 54, Defendant's First Amended Responses to Plaintiff's Interrogatories in BD II at Interrogatory Response No. 17 (p. 19), dated September 24, 2018.

**BD's Response:**

**BD disputes Paragraph 7 reflects a fact material to the motion and requiring BD's response. BD nevertheless admits this assertion.**

    8.    *There was no finding of liability against BD by a court or jury in any of the Class Actions.*

- Ex. 10, BD Tr. at 98:13-18, 301:10-14;
- Ex. 34, Direct Purchasers Class Actions Settlement Agreement, dated April 27, 2009;
- Ex. 35, Indirect Purchasers Class Actions Settlement Agreement, dated July 30, 2013;
- Ex. 54, Defendant's First Amended Responses to Plaintiff's Interrogatories in BD II at Interrogatory Response No. 7 (p. 16), dated September 24, 2018.

**BD's Response:**

**BD disputes Paragraph 8 reflects a fact material to the motion and requiring BD's response. BD nevertheless admits this assertion.**

ME1 35670576v.1

9. *BD did not incur any defense costs in connection with the Class Actions after it first sought coverage for the Class Actions from National Union in 2014.*

- Ex. 38, BD's letter to Travelers, dated May 22, 2014 ("BD has incurred no post-December 27, 2013 defense costs arising from the class action lawsuits ....");
- Ex. 58, Defendant's Second Amended Responses to Plaintiff's Interrogatories in BD II at Ex. A, dated March 22, 2019 (showing allocation of defense costs incurred by BD in the Class Actions).

**BD's Response:**

**BD disputes Paragraph 9 reflects a fact material to the motion and requiring BD's response.  BD nevertheless admits this assertion.**

10. *BD seeks coverage from National Union only under the following five Policies for both the RTI Action and Class Actions:*

   *(1)   Policy No. BE 3087644, effective October 1, 1985 to April 1, 1994;*

   *(2)   Policy No. BE 3087643, effective April 1, 1993 to October 1, 1994;*

   *(3)   Policy No. BE 3091479, effective October 1, 1994-1997;*

   *(4)   Policy No. BE 9328155, effective October 1, 1997-1999; and*

   *(5)   Policy No. BE 3574259, effective October 1, 1999-2002.*

- Ex. 1, Policy No. BE 3087644;
- Ex. 2, Policy No. BE 3087643;
- Ex. 3, Policy No. BE 3091479;
- Ex. 4, Policy No. BE 9328155;

5

- Ex. 5, Policy No. BE 3574259;

- Ex. 10, BD Tr. at 221:10-15, 331:8-24;

- Ex. 54, Defendant's First Amended Responses to Plaintiff's Interrogatories in BD II at Interrogatory Response No. 5 (p. 4), dated September 24, 2018;

- Ex. 56, Defendant's Second Amended Objections and Responses to Plaintiff's Interrogatories in BD I at Interrogatory Response No. 6 (p. 6), dated September 24, 2018.

**BD's Response:**

 **Admitted.**

 11. *BD seeks coverage for the RTI Action starting on January 1, 1993 and ending on January 29, 2001.*

- Ex. 10, BD Tr. at 347:2-22 (explaining that BD's request for coverage begins in 1993 because "that is the date ... from which RTI [requested] discovery" and that it ended in 2001 because "[t]hat's when the federal action [the RTI Action] was filed");

- Ex. 57, Defendant's Third Amended Objections and Responses to Plaintiff's Interrogatories in BD I at Ex. A, dated March 22, 2019 (allocation chart indicating years for which BD is seeking coverage).

**BD's Response:**

 **Admitted.**

 12. *BD seeks coverage for the Class Actions from National Union starting on October 1, 1985 and ending on October 1, 2002.*

- Ex. 10, BD Tr. at 354:2-7 (explaining that 1985 is the start date for BD's request for coverage "because that's when the groundwork began for the Block Terumo campaign");

6

- Ex. 58, Defendant's Second Amended Responses to Plaintiff's Interrogatories in BD II at Ex. A, dated March 22, 2019 (allocation chart indicating years for which BD is seeking coverage).

**BD's Response:**

**Admitted.**

13. *BD only seeks coverage for the Underlying Actions under the Advertising Liability provision in the 1993 Policies, the Advertising Injury provision in the 1994, 1997, and 1999 Policies, and the Personal Injury provision in all of the Policies.*

- Ex. 10, BD Tr. at 331:8-24;
- Ex. 54, Defendant's First Amended Responses to Plaintiff's Interrogatories in BD II at Interrogatory Response No. 6, dated September 24, 2018;
- Ex. 56, Defendant's Second Amended Objections and Responses to Plaintiff's Interrogatories in BD I at Interrogatory Response No. 7, dated September 24, 2018.

**BD's Response:**

**Admitted.**

14. *With respect to Advertising Liability under the 1993 Policies, BD specifically seeks coverage for the Underlying Actions under the "unfair competition" language of that coverage provision.*

- Ex. 10, BD Tr. at 209:3-24;
- Ex. 53, Defendant's Responses to Plaintiff's Supplemental Interrogatories in BD I and the documents referenced in the footnotes therein, dated September 24, 2018, at Interrogatory Response No. 1.

7

**BD's Response:**

**Denied.  With respect to Advertising Liability under the 1993 Policies, BD seeks coverage for the Underlying Actions under the "unfair competition" and the "Defamation of Character" language of that coverage provision.**

15.   *Under the Advertising Injury provisions in the 1994, 1997, and 1999 Policies, as well as Personal Injury provisions in all of the Policies, BD seeks coverage for the Underlying Actions for offenses of "[o]ral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods products or services."*

- Ex. 10, BD Tr. at 208:9-24;
- Ex. 56, Defendant's Second Amended Objections and Responses to Plaintiff's Interrogatories in BD I at Interrogatory Response 7, dated September 24, 2018.

**BD's Response:**

**Admitted.**

16.   *BD has identified the following conduct as triggering coverage for the Underlying Actions under the Advertising Liability, Advertising Injury, and Personal Injury provisions of the Policies: Block Terumo, the Cost Reduction Initiative, EpiNet, the Safety Compliance Initiative, Block Terumo II, and a guest editorial article written by Gary Cohen, a former marketing executive at BD.*

- Ex. 10, BD Tr. at 338:22-339:12 (stating BD's position that the conduct triggering coverage was identified in BD's interrogatory responses); id. at 343:9-345:12 (same);

- Ex. 11, BD Tr. II at 29:7-18; id. at 41:18-43:3;

- Ex. 53, Defendant's Responses to Plaintiff's Supplemental Interrogatories in BD I and the documents referenced in the footnotes therein at Interrogatory Response No. 1 (pp. 5-7), dated September 24, 2018;

- Ex. 54, Defendant's First Amended Responses to Plaintiff's Interrogatories in BD II and the documents referenced in footnotes 1-22, dated September 24, 2018, at Interrogatory Response No. 7 (pp. 6-8, Tab 4D).

**BD's Response:**

**Admitted in part and denied in part. BD admits the Underlying Plaintiffs alleged injury from BD's advertising and conduct from advertising campaigns Block Terumo, the Cost Reduction Initiative, EpiNet, the Safety Compliance Initiative, Block Terumo II, and a guest editorial article written by Gary Cohen, a former marketing executive at BD. BD further admits the Underlying Actions' allegations trigger coverage under the Advertising Liability, Advertising Injury, and Personal Injury provisions of the Policies. The transcripts and testimony speak for themselves, and to the extent Paragraph 16 mischaracterizes the evidence, BD disputes same. BD denies the identified campaigns constitute the entirety of conduct triggering coverage under the Policies and relies on its proffered opposition evidence.**

17. *Block Terumo "officially ended in 1992."*

9

- Ex. 10, BD Tr. at 392:2-15 (agreeing that "[t]he Block Terumo advertising marketing campaign ... started in 1985 and officially ended in 1992");

- Ex. 11, BD Tr. II at 54:17-55:4;

- Ex. 54, Defendant's First Amended Responses to Plaintiff's Interrogatories in BD II at Interrogatory Response No.7 (p. 8), dated September 24, 2018.

**BD's Response:**

**Admitted in part and denied in part. The transcripts and testimony speak for themselves, and to the extent Paragraph 17 mischaracterizes the evidence, BD disputes same. BD denies the Underlying Plaintiffs alleged BD ceased its Block Terumo campaign activities in that year. The Underlying Plaintiffs, in truth, alleged BD continued to use the materials developed for the Block Terumo campaigns to unfairly compete against and to disparage Terumo and others from at least 1988 through 2001, at a minimum. BD relies on its proffered opposition evidence.**

  18. *Block Terumo II did not begin until at least 2001.*

- Ex. 11, BD Tr. II at 52:1-8 ("Q. When did Block Terumo [II] start? A. I think it's around 2001, 2002, something like that."); *id.* at 54:24-55:4 ("Q. [N]ow you've testified as the corporate representative that Block Terumo 2 was a campaign [that] began ... in 2001 .... A. Correct").

**BD's Response:**

**Admitted in part and denied in part. The transcripts and testimony speak for themselves, and to the extent Paragraph 18 mischaracterizes the evidence, BD disputes same. BD denies the Underlying Plaintiffs alleged the**

10

**Block Terumo and Block Terumo II started and ended on precise dates. The Underlying Plaintiffs, instead, alleged BD continued to use the materials developed for the Block Terumo campaigns to unfairly compete against and to disparage Terumo and others from at least 1988 through 2001. BD relies on its proffered opposition evidence.**

19. *Neither Travelers nor BD exhausted their limits policy limits for the Underlying Actions.*

- Ex. 10, BD Tr. at 63:25-66:14 (explaining that BD bought back outstanding limits from Kemper and then withdrew its requests for coverage for the Underlying Actions);
- Travelers Cas. & Sur. Co., et al. v. Becton, Dickinson & Co., No. 14-cv-4410-JMV-JBC (D.N.J. 2014), ECF No. 155 (announcing settlement between BD and Travelers).

**BD's Response:**

**Denied. BD disputes Paragraph 19 reflects a fact material to the motion and requiring BD's response.**

20. *BD's late notice to National Union regarding the Underlying Actions prevented National Union from being able to: (i) ensure that all insurers were put on notice and pursued; (ii) perform a contemporaneous investigation of the facts as the Underlying Actions were litigated; (iii) oversee counsel retained to defend the Underlying Actions, who were paid almost $100 million; (iv) ensure that BD did not pay millions to settle claims for libel, slander and disparagement that were either*

11

*never pled or were abandoned by plaintiffs; and (iv) participate in settlement discussions and evaluate the proposed terms, including the proper allocation of settlement amounts.*

- Ex. 52, Plaintiff's Second Amended Objections and Responses to Defendant's First Set of Interrogatories in BD I at Interrogatory Response No. 20, dated September 24, 2018;

- Ex. 51, Plaintiff's Objections and Responses to Defendant's First Set of Interrogatories in BD II at Interrogatory Response No. 21, dated May 23, 2018;

- Ex. 40, BD's request for coverage from Bedins Vermont for the Class Actions, dated June 11, 2014;

- Ex. 41, BD's request for coverage from ACE for the Class Actions, dated June 11, 2014;

- Ex. 42, BD's request for coverage from Pru Re for the Class Actions, dated June 11, 2014;

- Ex. 43, BD's request for coverage from certain underwriting syndicates at Lloyds for the Class Actions, dated June 11, 2014;

- Ex. 57, Defendant's Third Amended Objections and Responses to Plaintiff's Interrogatories in BD I at Ex. A, dated March 22, 2019 (showing allocation of defense costs incurred by BD in the RTI Action);

- Ex. 58, Defendant's Second Amended Responses to Plaintiff's Interrogatories in BD II at Ex. A, dated March 22, 2019 (showing allocation of defense costs incurred by BD in the Class Actions);

- Ex. 10, BD Tr. at 88:21-23 ("The [Class Actions] settlements were general releases. I don't think there was any specific allocation of the settlements."); id. at 193:10-13 (dismissal of disparagement claim in RTI Action); id. at 195:7-196:19 (same);

- Ex. 15, Transcript of RTI's Oral Argument on Summary Judgment in the RTI Action, at 26:3-14;

- Ex. 16, RTI's Corrected Supplemental Response to BD's Motion for Summary Judgment in the RTI Action at 2-3.

**BD's Response:**

**Denied. The transcripts and testimony speak for themselves, and to the extent Paragraph 20 mischaracterizes the evidence, BD disputes same. BD relies on its proffered opposition evidence.**

21. *Witnesses in the current litigation have been unable to recall key facts relating to the Underlying Actions, including investigations of insurance coverage.*

- Ex. 8, Young Tr. at 69:23-25 (witness unable to recall significant facts); id. at 70:23-71:5 (same); id. at 111:13-19 (same); id. at 120:5-8, 13-21 (same); id. at 125:15-19 (same);

- Ex. 9, Hector Tr. at 78:4-12;

- Ex. 10, BD Tr. at 141:7-142:21 (BD unaware as to whether there had been an investigation of coverage for the RTI Action); id. at 143:18-20 (BD's prior counsel had "no recollection" of interrogatory responses prepared on behalf of BD); id. at 145:1-3 (same); id. at 168:3-25 (death of individual in BD's risk department).

**BD's Response:**

**Denied. The transcripts and testimony speak for themselves, and to the extent Paragraph 21 mischaracterizes the evidence, BD disputes same. BD relies on its proffered opposition evidence.**

22. *BD has asserted positions in the current litigation that are not consisted with the allegations in the complaints and BD's long-held overage positions in the Underlying Actions.*

13

- Ex. 10, BD Tr. at 71:7-16 ("Yes, [the settled claims] assert causes of action for Sherman Act violations ... [b]ut we're seeking coverage for the conduct.");

- Ex. 14, Plaintiff's Third Amended Complaint in the RTI Action, dated January 17, 2003;

- Ex. 18, Complaint in In re: Hypodermic Product Direct Purchaser: Antitrust Litig., Case No. 2:05-cv-01602 (JLL/RJH), dated May 10, 2006;

- Ex. 19, Complaint in In re: Hypodermic Products Antitrust Litig., Case No. 2:05-cv-01602 (JLL/RJH), MDL No. 1730, dated July 28, 2006;

- Ex. 27, BD's Confidential Mediation Statement in the RTI Action at BD76064-74, dated January 24, 2003;

- Ex. 32, BD's Confidential Mediation Statement in the direct purchasers Class Actions, at BD_CA00022086-88, 22125, dated November 10, 2008.

**BD's Response:**

**Denied.  BD cannot respond to Paragraph 22 because it is incomprehensible.**

23.  *BD provided National Union with millions of pages of documents that were produced in the Underlying Actions and the parties engaged in years of discovery, including motions to compel brought by National Union and motions to quash brought by BD.*

- ECF No. 214, Plaintiff's Motion to Compel further corporate testimony pursuant to Rule 30(b)(6).

- ECF No. 220, Defendant's letter to Chief Magistrate Judge Falk in Opposition to Plaintiff's Motion to Compel;

- ECF No. 225, Chief Magistrate Judge Falk's November 5, 2019 Opinion and Order granting Plaintiff's Motion to Compel;

14

- ECF No. 231-1, Brief in Support of Defendant's Appeal of Chief Magistrate Judge Falk's Motion to Compel;

- ECF No. 234, Plaintiff's Brief in Opposition to Defendant's Appeal of Magistrate Falk's Order;

- ECF No. 249, District Judge Cecchi's Order denying Defendant's Appeal of Magistrate Falk's Order and affirming Judge Falk's Order;

- ECF No. 123, Defendant's Motion to Quash Plaintiff's Attorney Deposition Subpoena or, Alternatively, for a Protective Order, filed June 2, 2017.

**BD's Response:**

**Admitted in part and denied in part.  BD admits it produced to National Union all requested and responsive discovery which constituted millions of pages, on all of which BD will rely at trial.  The cited discovery motions speak for themselves, and to the extent Paragraph 23 misstates the terms of those motions, BD disputes same.  BD further disputes Paragraph 23 reflects a fact material to the motion and requiring BD's response.**

## CONCLUSION

**BD respectfully requests the Court deny National Union's summary judgment motion.**

                                            McCARTER & ENGLISH, LLP
                                            Four Gateway Center
                                            100 Mulberry Street
                                            Newark, NJ 07102
                                            Phone:  (973) 639-2062
                                            Fax:  (973) 297-3846
                                            Email:  abartell@mccarter.com
                                            Attorneys for Defendant

                                  By:    <u>s/ Anthony Bartell</u>
                                                   Anthony Bartell

Dated:  February 12, 2021